UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES ROBERT GREGG, JR.,

v.                                  Case No. 8:17-cr-409-VMC-JSS
                                             8:22-cv-1979-VMC-JSS

UNITED STATES OF AMERICA.

_____/

## ORDER

This matter is before the Court on James Robert Gregg,
Jr.'s pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or
Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 130) and Motion
to File Out of Time (Civ. Doc. # 3). The United States of
America responded on September 27, 2022. (Civ. Doc. # 6). Mr.
Gregg filed a reply in support of his 2255 Motion on October
20, 2022. (Civ. Doc. # 7). For the reasons that follow, the
2255 Motion is denied and the Motion to File Out of Time (Civ.
Doc. # 3) is denied as moot.

## I.   Background

Mr. Gregg was indicted on one count of Receipt of Child
Pornography and one count of Possession of Child Pornography
in August 2017. (Crim. Doc. # 17). After his motion to
suppress evidence was denied (Crim. Doc. # 81), Mr. Gregg was
convicted on both counts at a stipulated-facts bench trial in

1

February 2018. (Crim. Doc. # 90; Crim. Doc. # 97). After he

was sentenced to a 168-month term of imprisonment (Crim. Doc.

# 115), Mr. Gregg appealed. (Crim. Doc. # 117). The Eleventh

Circuit Court of Appeals affirmed this Court's denial of Mr.

Gregg's motion to suppress and his conviction on May 9, 2019.

(Crim. Doc. # 128). No petition for rehearing *en banc* or

petition for a writ of *certiorari* was filed.

Years later, on August 10, 2022, Mr. Gregg filed the

instant 2255 Motion. (Civ. Doc. # 1 at 13). He asserts a

single ground of ineffective assistance of counsel:

> I was denied effective assistance of counsel when
> trial/appellate counsel abandoned my appeal due to
> a financial conflict of interest. Trial/appellate
> counsel refused to communicate with the Appellant,
> and Appellant's family resulting in constructive
> denial of counsel. The crucial issue in Appellant's
> defense and appeal was the district court's denial
> of Appellant's motion to suppress when a
> warrantless seizure without probable cause []
> deprived him of a reasonable expectation of privacy
> to his solely owned and operated cell phone.

(Id. at 4). According to Mr. Gregg, "counsel failed to consult

with Petitioner as regards his appeal"; "counsel failed to

act or communicate with Petitioner due to a financial conflict

of interest"; and "counsel failed to file a simple form [a

petition for rehearing *en banc*] to the Court of Appeals that

would have resulted in a reversal of his conviction due to

that conflict of interest and refusal to communicate." (Civ. Doc. # 2 at 5).

The government first contends that Mr. Gregg's 2255 Motion should be dismissed because it is untimely. (Civ. Doc. # 6 at 4-10). The government also contends that Mr. Gregg's Motion should be denied on the merits. (Id. at 11-15). Mr. Gregg filed his reply (Civ. Doc. # 7), and the Motion is ripe for review.

## II.  Discussion

Because this case is easily resolved on the merits, the Court assumes without deciding that equitable tolling applies and addresses the merits of Mr. Gregg's claim. See Estremera v. United States, 724 F.3d 773, 775 (7th Cir. 2013) ("Federal statutes of limitations do not affect the tribunal's subject-matter jurisdiction, so the district court was right to conclude that it is permissible to reject a petition on the merits without resolving a limitations defense. There is no necessary priority among non-jurisdictional reasons for rejecting a suit or claim. It makes sense to tackle the merits first when they are easy and the limitations question hard." (citations omitted)); Earl v. United States, No. CR 06-00136-WS-B, 2021 WL 7442091, at *5 (S.D. Ala. Dec. 30, 2021) ("[I]t is highly questionable whether the facts in this case

3

demonstrate that Earl was diligent in pursuing his rights and was prevented from timely filing by extraordinary circumstances. For argument's sake, the Court will assume that equitable tolling is warranted, and that Earl's motion is therefore not time-barred. However, for the reasons set forth below, Earl's claim is procedurally defaulted and fails on the merits."), report and recommendation adopted, No. CR 06-00136-WS-B, 2022 WL 721529 (S.D. Ala. Mar. 9, 2022).

In his only ground for relief, Gregg argues that his appellate counsel provided ineffective assistance by failing to communicate with him during his appeal and failing to file a petition for rehearing *en banc* challenging the panel decision in his case. Mr. Gregg maintains that, if counsel had filed an *en banc* petition, his case would have been reversed on the same basis as United States v. Ross, 963 F.3d 1056 (11th Cir. 2020), an opinion issued over a year after Mr. Gregg's direct appeal was decided. (Civ. Doc. # 1 at 12; Civ. Doc. # 2 at 4-5); see Ross, 963 F.3d at 1062 (overruling in part United States v. Sparks, 806 F.3d 1323, 1330 (11th Cir. 2015), and holding "that a suspect's alleged abandonment runs only to the merits of his constitutional claim, and not his Article III standing to challenge the search"). Mr. Gregg claims that counsel performed deficiently because of a fee

4

dispute, which in turn created an alleged "financial conflict of interest." (Civ. Doc. # 2 at 5).

Ordinarily, to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). However, the law is different when the ineffective assistance was supposedly caused by a conflict of interest. "To succeed on an ineffective-assistance claim based on a conflict of interests, an appellant must show specific instances in the record that 'demonstrate that an actual conflict of interest adversely affected his lawyer's performance.'" Caderno v. United States, 256 F.3d 1213, 1218 (11th Cir. 2001) (quoting Cuyler v. Sullivan, 446 U.S. 335, 348 (1980)). Thus, to "show ineffectiveness under Cuyler, a petitioner must demonstrate: (a) that his defense attorney had an actual conflict of interest, and (b) that this conflict adversely affected the attorney's performance." Reynolds v. Chapman, 253 F.3d 1337, 1342 (11th Cir. 2001).

As an initial matter — although the government did not raise this point — Mr. Gregg's ineffective assistance of appellate counsel claim cannot succeed to the extent it is

5

based on the failure to file a petition for rehearing *en banc*. He did not have a Sixth Amendment right to counsel for the purposes of a petition for rehearing *en banc*. "A defendant is entitled to effective assistance of counsel on the first appeal of his conviction where such an appeal is a matter of right." Stuut v. United States, No. 1:04-CV-693, 2005 WL 1389181, at *3 (W.D. Mich. June 10, 2005) (citing Evitts v. Lucey, 469 U.S. 387, 396 (1985)). "A defendant, however, does not have a constitutional right to counsel in pursuing *discretionary* review of a conviction." Id.; see also Wainwright v. Torna, 455 U.S. 586, 587 (1982) (holding that defendant in state criminal case did not have a constitutional right to counsel in pursuing discretionary review in the state supreme court); Ross v. Moffitt, 417 U.S. 600, 616-618 (1974) (holding that there is no constitutional right to counsel in pursuing a writ of *certiorari* in the United States Supreme Court).

"This same analysis applies to requests for reconsideration or rehearing, including rehearing *en banc*." Pitts v. United States, No. 09-60141-CR, 2011 WL 5025097, at *3 (S.D. Fla. Sept. 6, 2011), report and recommendation adopted, No. 09-60141-CR, 2011 WL 5178336 (S.D. Fla. Oct. 21, 2011); see also McNeal v. United States, 54 F.3d 776 (Table)

6

(6th Cir. 1995) ("It is apparent from both this court's local rules and the Federal Rules of Appellate Procedure that the granting of a rehearing *en banc* by this court is discretionary. The logic of Wainwright and Ross is that there is no constitutional right to counsel in seeking rehearing *en banc* – and where there is no constitutional right to counsel, the client's constitutional rights cannot be violated by the allegedly defective performance of his lawyer."); Fed. R. App. P. 35(a) ("A majority of the circuit judges who are in regular active service and who are not disqualified *may* order that an appeal or other proceeding be heard or reheard by the court of appeals *en banc*." (emphasis added)).

"As such, [Mr. Gregg] did not have a constitutional right to counsel in seeking rehearing *en banc*." Pitts, 2011 WL 5025097, at *3; see also Stuut, 2005 WL 1389181, at *3 ("Stuut did not have a constitutional right to counsel in seeking rehearing or a writ of *certiorari*."); Walton v. United States, No. 1:09-0089, 2010 WL 1757942, at *2 (M.D. Tenn. Apr. 30, 2010) ("Petitioner's first three grounds which assert ineffective assistance of counsel because counsel did not timely file a petition for rehearing *en banc* and a petition for writ of *certiorari* must be rejected because Petitioner was not entitled to counsel for such stages of the proceedings

7

in the first place."). "Absent such a right, [he] cannot assert a constitutional violation based upon his counsel's allegedly defective performance." Pitts, 2011 WL 5025097, at *3; see also United States v. Terry, No. CR 11-20752, 2017 WL 3202741, at *8 (E.D. Mich. July 27, 2017) ("Petitioner cannot establish ineffective assistance of counsel based on Nelson's failure to file a petition for rehearing *en banc*, or a petition for a writ of *certiorari* to the United States Supreme Court."); Newland v. United States, No. 2:05-CR-111, 2010 WL 1031126, at *15 (S.D. Ohio Mar. 17, 2010) ("[P]etitioner cannot establish the ineffective assistance of counsel based on his attorney's refusal to file a petition for rehearing *en banc,* or a petition for a writ of *certiorari* to the United States Supreme Court."); Prousalis v. United States, No. 03 CR. 1509, 2007 WL 2438422, at *14 (S.D.N.Y. Aug. 24, 2007) ("Prousalis asserts that after the Second Circuit summarily dismissed his appeal he asked his attorneys to request a rehearing *en banc* and to file a petition for a writ of certiorari, but they did not make either filing. Because a defendant has no right to counsel for these discretionary appeals, *. . .* a petition for a writ of habeas corpus cannot be premised on this claim of ineffective assistance of counsel." (citation omitted)).

Even if an attorney could be ineffective for failing to petition for rehearing *en banc*, Mr. Gregg's ineffective assistance of counsel claim fails for the reasons explained by the government both as to counsel's conduct during the direct appeal and to his failure to file a petition for rehearing *en banc*. Mr. Gregg has not established that an actual conflict of interest existed or impaired his case.

"Although a 'defendant's failure to pay fees may cause some divisiveness between attorney and client,' courts generally presume that counsel will subordinate his or her pecuniary interests and honor his or her professional responsibility to a client." Caderno, 256 F.3d at 1219 (citation omitted). "[T]he possibility of conflict is insufficient to impugn a criminal conviction." Cuyler, 446 U.S. at 350. "'A speculative or hypothetical conflict . . . does not violate the Constitution'; the appellant must demonstrate that his lawyer 'actively represented conflicting interests.'" Caderno, 256 F.3d at 1218 (citation omitted). Additionally, "[a]ssuming a defendant can demonstrate that his attorney labored under an actual conflict of interest, the Cuyler test demands that he show that this conflict adversely affected the representation he received." Reynolds, 253 F.3d at 1343. "To prove adverse effect, a defendant needs

to demonstrate: (a) that the defense attorney could have
pursued a plausible alternative strategy, (b) that this
alternative strategy was reasonable, and (c) that the
alternative strategy was not followed because it conflicted
with the attorney's external loyalties." Id.

Mr. Gregg argues that, because of a fee dispute with his
counsel, his counsel failed to consult with him and keep him
updated about his direct appeal during the pendency of the
direct appeal. However, even taking as true that a fee dispute
existed, the record is clear that counsel filed all required
appellate briefs and challenged the Court's denial of Mr.
Gregg's motion to suppress. Indeed, in his reply, Mr. Gregg
states: "In truth, counsel's appeal [was] excellent." (Civ.
Doc. # 7 at 6). After the appeal was briefed, the Eleventh
Circuit issued an opinion rejecting counsel's challenges to
this Court's order on the motion to suppress and holding that
this Court "did not err in finding that Mr. Gregg abandoned
his cell phone." (Crim. Doc. # 128 at 10).

Furthermore, the record contains a letter from counsel
to Mr. Gregg dated November 8, 2018, during the pendency of
the direct appeal. (Civ. Doc. # 1-2). In the letter, counsel
informs Mr. Gregg that all appellate briefs have been filed
and gives him copies of the briefs (Mr. Gregg's opening and

10

reply briefs and the government's response brief). (Id.).
Counsel asks Mr. Gregg to review the briefs and states that
he "would like to set up a phone conference with [Mr. Gregg]
if possible so that [they] can discuss the appeal." (Id.).
Counsel does mention that Mr. Gregg's mother still owed
counsel $10,000 of his $50,000 fee. (Id.). Nevertheless,
counsel ends the letter as follows: "The Appellate Court has
not notified us yet as to whether they will be hearing oral
argument on your appeal but if they do I will be there to
present your case to the Court." (Id.). Thus, despite the
ongoing fee issue, counsel asked to speak with Mr. Gregg about
the pending appeal and expressed willingness to attend oral
argument on Mr. Gregg's behalf, if the appellate court should
request oral argument. This evidence does not support that
the fee dispute resulted in an actual conflict of interest
for counsel in the form of a failure to communicate or
represent Mr. Gregg's interests during the appeal.

    In short, Mr. Gregg has not established that an actual
conflict of interest existed as to counsel's conducting the
appeal. See Caderno, 256 F.3d at 1218 ("[I]t is manifest that
Caderno must establish that an actual financial conflict
existed by showing that his counsel actively represented his
own financial interest during Caderno's trial, rather than

showing the possibility of an actual financial conflict."). Nor has he shown that the supposed conflict of interest had an adverse effect on his appeal. Mr. Gregg has not shown that a plausible alternate strategy that was reasonable existed as to his appeal.

At most, Mr. Gregg appears to argue that counsel should have raised an argument in a petition for rehearing *en banc* that was raised by the defendant in Ross for the partial overruling of Sparks. See (Civ. Doc. # 7 at 6) ("The same court (the en banc Court of the 11th Circuit) would have heard the case. Had counsel pursued the issue instead of walking away without notice over the financial conflict of interest he could have done, hopefully, [a better] job than the jail house lawyer on C-3 who filed Ross's petition.").

Regarding the failure to file a petition *en banc* based on the same argument made in the later-decided Ross, the government correctly notes that, "contrary to [Mr.] Gregg's argument, the aspect of Sparks on which the panel [affirming Mr. Gregg's conviction] relied has not been overruled." (Civ. Doc. # 6 at 13). "[S]o even if counsel had moved for rehearing *en banc* on the same grounds as the defendant in Ross, the outcome of [Mr.] Gregg's appeal would not have been different." (Id.).

12

Indeed, Ross did not completely overrule Sparks. See Ross, 963 F.3d at 1066 ("[W]e overrule Sparks to the extent that it holds that abandonment implicates Article III standing and is therefore a jurisdictional issue that the government can't waive and that courts should raise *sua sponte*."). Rather, Ross clarified that "a suspect's alleged abandonment runs only to the merits of his [Fourth Amendment] constitutional claim, and not his Article III standing to challenge the search." Id. at 1062. Because abandonment goes to the merits of the Fourth Amendment claim, the government waives the abandonment argument if it does not raise that argument before the district court in response to a motion to suppress. See Id. at 1066 ("[I]f the government fails to argue abandonment it waives the issue."). While abandonment does not implicate Article III standing, abandonment is still a ground the government can raise in response to a motion to suppress post-Ross.

Unlike in Ross where the government waived the abandonment argument by not raising it before the district court, the government here raised Mr. Gregg's abandonment of the phone in its response to his motion to suppress. (Crim. Doc. # 40 at 1, 7-11). And this Court found that Mr. Gregg had abandoned the phone. (Crim. Doc. # 56 at 12-17; Crim.

13

Doc. # 81). Thus, even if Mr. Gregg had a right to counsel for purposes of filing a petition for rehearing *en banc*, seeking *en banc* review based on the same argument made in the later-decided <u>Ross</u> case was not a plausible strategy.

In short, Mr. Gregg has failed to establish his claim of ineffective assistance of counsel based on a financial conflict of interest. His Motion is denied.

## III.  <u>Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied</u>

The Court declines to issue a certificate of appealability because Mr. Gregg has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Mr. Gregg to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. <u>See</u> 28 U.S.C. § 1915(a)(3). Mr. Gregg shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

James Robert Gregg, Jr.'s pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 130) is **DENIED.** The Clerk is directed to enter

14

judgment for the United States of America and to close this case. Mr. Gregg's pro se Motion to File Out of Time (Civ. Doc. # 3) is **DENIED** as moot.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>18th</u> day of March, 2024.

<u>VIRGINIA M. HERNANDEZ COVINGTON</u>
UNITED STATES DISTRICT JUDGE